IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN D. BEEM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-3180-JWL |
| ) | |
| DALE A. DAVIS, FRED C. CANNON, and ) | |
| WALTER J. KILCHER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff, an inmate at El Dorado Correctional Facility (ECF) who is acting pro se, has brought a claim under 42 U.S.C. § 1983 against defendants Dale A. Davis, Fred C. Cannon, and Walter J. Kilcher. Dr. Davis is the dental director for Correct Care Solutions (CCS), who contracts with the Kansas Department of Corrections to provide medical services at its prisons. Drs. Cannon and Kilcher were employed by CCS as dentists at ECF. Plaintiff alleges that defendants violated the Eighth Amendment to the United States Constitution by acting with deliberate indifference with respect to his dental care. The matter presently comes before the Court on defendants' motion for summary judgment (Doc. # 83) and defendants' motion to strike plaintiff's affidavits (Doc. # 114). The motion to strike is denied, but the motion for summary judgment is granted, and defendants are awarded judgment on plaintiff's claim.

### I.     Defendants' Motion to Strike

Defendants filed their summary judgment motion on October 29, 2007, and served the motion on plaintiff by mail; accordingly, plaintiff's response was due on November 21, 2007. *See* D. Kan. Rule 6.1(d)(2). On November 8, 2007, plaintiff mailed his response to the Clerk of Court and defendants, and the response was filed on November 13, 2007. On November 21, 2007, plaintiff mailed two affidavits by him to the Clerk of Court and defendants, and the affidavits were filed on November 27, 2007. Defendants then filed their reply brief on November 27, 2007.

Defendants move to strike plaintiff's affidavits as untimely. That motion is denied. Plaintiff's affidavits in response to defendants' summary judgment motion may have technically been untimely, as they were not received by the Clerk until after the November 21, 2007, deadline; there is no indication that plaintiff used the prison's legal mail system; and the filings did not include a notarized affidavit concerning the date of the mailing by regular mail. *See Price v. Philpot*, 420 F.3d 1158, 1166-67 (10th Cir. 2005) (setting forth requirements for use of prison mailbox rule). Nevertheless, the affidavits merely restated the factual portions of plaintiff's timely response brief with verifications. Moreover, one of the affidavits is nearly identical to a verified response to the *Martinez* report that plaintiff filed earlier. Accordingly, because much of the affidavits' evidence was already in the record and because defendants had an opportunity to respond to plaintiff's factual statements in their reply brief, the Court has considered

the affidavits, and defendants' motion to strike is denied.[1]

## II. Summary Judgment Standards

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1258 (10th Cir. 2006). An issue of fact is "genuine" if "the evidence allows a reasonable jury to resolve the issue either way." *Haynes v. Level 3 Communications, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006). A fact is "material" when "it is essential to the proper disposition of the claim." *Id*.

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Id.* (citing *Celotex*, 477

---

[1] Although defendants argue that they were unable to respond to the affidavits in their reply brief, they have not sought to supplement that brief.

U.S. at 325).

If the movant carries this initial burden, the nonmovant may not simply rest upon his or her pleadings but must "bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which he or she carries the burden of proof." *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 910th Cir. 2005). To accomplish this, sufficient evidence pertinent to the material issue "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein." *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 675 (10th Cir. 2002).

Finally, the Court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

### III.     **Analysis of Defendants' Motion for Summary Judgment**

Plaintiff has brought his claim under 42 U.S.C. § 1983, alleging that defendants violated the Eighth Amendment by their deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Plaintiff bases his claim on his allegations that defendant delayed in providing him with a replacement for his damaged dental plate and failed to treat his temporo-mandibular joint (TMJ) disorder. Plaintiff alleges that he suffered difficulties eating, jaw pain and discomfort, and tinnitus and hearing loss as a result of defendants' failure to provide proper dental care.

The Tenth Circuit has set forth the standards governing plaintiff's claim as follows:

> It is well established that prison officials violate the Eighth Amendment if their deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care. At the same time, however, medical malpractice does not become a constitutional violation merely because the victim is a prisoner. A complaint about an inadvertent failure to provide medical care or that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Rather, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.
>
> The test for a "deliberate indifference" claim under the Eighth Amendment has both an objective and subjective component. The objective component of the test is met if the harm suffered is sufficiently serious to implicate the Cruel and Unusual Punishment Clause. The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety.
>
> . . .
>
> To satisfy the objective component of a deliberate indifference claim arising under the Eight Amendment, the alleged deprivation must be sufficiently serious to constitute a deprivation of constitutional dimension. The purpose for this requirement is to limit claims to significant, as opposed to trivial, suffering. Consequently, we look to the alleged injury claimed by the prisoner, and ask whether that harm is sufficiently serious.
>
> When the prisoner's Eighth Amendment claim is premised on an alleged delay in medical care, the prisoner must show that the delay resulted in substantial harm. That "substantial harm" can be the ultimate physical injury caused by the prisoner's illness, so long as the prisoner can show that the more timely receipt of medical treatment would have minimized or prevented the harm. The "substantial harm" can also be an intermediate injury, such as pain experienced while waiting for treatment

> and analgesics. Although not every twinge of pain suffered as a result of delay in medical care is actionable, when the pain experienced during the delay is substantial, the prisoner establishes the objective element of the deliberate indifference test.
>
> . . .
>
> The subjective component of a deliberate indifference claim requires an inquiry into a prison official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment. It is not enough to allege that prison officials failed to alleviate a significant risk that they should have perceived but did not. To show the requisite indifference, [the prisoner] must establish that defendants knew he faced a substantial risk of harm and disregarded that risk by failing to take reasonable measure to abate it.

*Kikumura v. Osagie*, 461 F.3d 1269, 1291-93 (10th Cir. 2006) (citations and quotations omitted). The Court concludes that plaintiff has not met these standards for an actionable claim of "deliberate indifference" and that summary judgment is therefore appropriate in favor of defendants.

The Court first addresses plaintiff's claim that defendants delayed in providing him with replacement dentures. On August 17, 2003, plaintiff's upper dental plate was destroyed when he ran over it with his wheelchair. Shortly thereafter, plaintiff was informed that the plate could not be repaired and that he was not yet entitled to a replacement because new plates were only to be provided every five years.[2] When plaintiff continued to request a new plate, he was told that he could receive a new plate

---

[2] Defendants also believed at first that plaintiff had intentionally destroyed the plate, given the fact that the incident occurred shortly after plaintiff was informed that he could not yet receive new dentures. Plaintiff denies that he destroyed the plate intentionally.

if he provided only the lab fees of $111.00. Plaintiff had over $340.00 in his prison account in November 2003. On February 22, 2004, plaintiff's wife sent a check for payment of the fee, and plaintiff was then fitted for the new dentures on March 1, 2004. Plaintiff received the new dentures on April 12, 2004, and reported that the dentures fit well and were satisfactory in subsequent dental appointments.

Plaintiff argues that he should not have had to pay for the replacement dentures, and he cites the provision of K.A.R. § 44-5-115(c) that states that "[n]o inmate shall be refused medical treatment for financial reasons." That provision, however, refers to the $2.00 co-pay mandated by that subsection for primary medical visits. The quoted provision guarantees that an indigent inmate will receive medical service; it does not prohibit charging inmates for medical services. *See McCall v. Johnson County Sheriff's Dept.*, 71 Fed. App'x 30, 31 (10th Cir. July 25, 2003) ("It is clearly constitutionally acceptable to charge inmates a small fee for health care where, as here, indigent inmates are guaranteed service regardless of ability to pay.") (citing *Reynolds v. Wagner*, 128 F.3d 166, 173-74 (3d Cir. 1997)); *see also Words v. Graves*, 1997 WL 298458, at *2-3 (D. Kan. May 28, 1997) (co-pay requirement does not constitute deliberate indifference). In this case, plaintiff was not denied treatment (new dentures) because he was *unable* to pay; rather, plaintiff had sufficient funds, but he decided against paying for new dentures until late February 2004, after which he was promptly fitted for the replacement. Accordingly, plaintiff himself was responsible for any delay in receiving his new dentures, and defendants' refusal to provide them without plaintiff's payment does not

constitute a violation of the Eighth Amendment.

Nor has plaintiff provided evidence that the delay in receiving his new dentures resulted in substantial harm. Plaintiff alleges that he could not eat as well without the replacement, but plaintiff was placed on a special diet, and he concedes that he essentially liquified foods so that he could eat them. Plaintiff has not alleged that he was seriously malnourished. Moreover, plaintiff's dental records are replete with notations indicating that defendants were regularly checking with food services to check on plaintiff's dietary needs. Plaintiff also alleges that the delay contributed to his ear problems and his TMJ symptoms; plaintiff has provided no medical evidence to support that allegation, however, other than one defendant's notation that his TMJ problems could not be completely corrected until plaintiff received new dentures. In short, plaintiff has not established that the delay resulted in substantial harm sufficient to "constitute a deprivation of constitutional dimension." *See Kikumura*, 461 F.3d at 1292.

Plaintiff has also failed to establish a constitutional violation with respect to his treatment for TMJ. Plaintiff essentially argues that defendants' efforts to address that condition were "feeble at best". Plaintiff's claim in this regard, however, amounts to a complaint that defendants were negligent or merely failed to succeed in treating his TMJ. As set forth above, such an allegation is insufficient to support an Eighth Amendment claim. *See id.* at 1291. Plaintiff has not satisfied the subjective requirement of showing that defendants "knew he faced a substantial risk of harm and disregarded that risk by failing to take reasonable measure to abate it." *See id.* at 1293. Defendants regularly

treated plaintiff for his TMJ and recommended treatments.  Defendants even went so far as to have plaintiff consult with an oral surgeon on three occasions.  Although the surgeon recommended ultrasound treatment if available, defendants provided evidence that such treatment was not available at plaintiff's facility.  The fact that plaintiff feels that defendants should have succeeded better in treating his TMJ does not support a claim for deliberate indifference under the Eighth Amendment.  *See Johnson v. Stephan*, 6 F.3d 691, 692 (10th Cir. 1993) ("a difference of opinion with the medical staff . . . does not rise to the level of a constitutional violation.").

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion to strike (Doc. # 114) is **denied**.

IT IS FURTHER ORDERED THAT defendants' motion for summary judgment (Doc. # 83) is **granted**, and judgment is entered in favor of defendants on plaintiff's complaint.

IT IS SO ORDERED.

Dated this 21st day of December, 2007, in Kansas City, Kansas.

        s/ John W. Lungstrum_____
        John W. Lungstrum
        United States District Judge